## Horan v. Gilberton Borough School District

*Kilker & Kilker*, for plaintiff.
*Frank A. Gallagher*, for defendant.

CURRAN, J., March 25, 1940.—This is a bill in equity in which complainant seeks to recover sums due her as a

salary upon a teaching contract from respondent school district.

On May 5, 1937, respondent school district entered into a teaching contract with plaintiff. This contract was in accordance with the provisions of the Teachers' Tenure Act of April 6, 1937, P. L. 213. In compliance with the terms of the contract so entered, complainant was employed as a teacher in the School District of the Borough of Gilberton until the close of the 1938-39 school year. At that time her pupils were transferred to another teacher and the schoolroom in which she taught was closed.

Complainant now alleges that respondent school district is indebted to her in the sum of $166.50 as the unpaid portion of her salary for the school year 1938-39, and at the time of the filing of this bill in the additional sum of $227.55 for the year 1939-40, complainant having presented herself at the place of employment even though no work was assigned to her.

At the time of the filing of this bill respondents had failed to file charges against complainant, as provided by the Teachers' Tenure Act of 1937, supra. Since the filing of this bill they have filed charges against complainant under the provisions of the act.

The matter is now before us on preliminary objections, the objections being as follows:

"1. Plaintiff fails to set forth a cause of action in said bill of complaint which would entitle the court to grant her equitable relief.

"2. Plaintiff has an adequate remedy at law.

"3. Plaintiff is guilty of laches in asserting her rights in this case."

Complainant bases her right to equitable relief upon the equitable maxim "that equity will act to avoid a multiplicity of suits".

The maxim, although followed in the courts of equity in some cases as a ground of original equity jurisdiction, has rarely been used as a source of jurisdiction in the class of cases into which this one now before us would fall. It has

been used as a ground for equitable jurisdiction in those cases in which there are many parties seeking to exercise the same right growing out of the same incident or transaction against the same defendant, and, secondly, in cases in which there are many causes of action between the same parties growing out of the same subject matter or transaction. Again, the latter class is the less common of the two classifications, and while the case now before us comes within the general group indicated the nature of the transaction here involved, to wit, a written contract, has seldom been the basis of such an equitable action, and the courts of equity in Pennsylvania have never, as nearly as we can find by an examination of the reported cases, assumed original equity jurisdiction in such a case.

Historically, equitable jurisdiction in the type of cases under discussion has advanced more slowly than in many other fields where equity has assumed jurisdiction. The original basis for the assumption of equitable jurisdiction to avoid a multiplicity of suits is found in the ancient equitable remedy of "bill of peace", the purpose there being to prevent a plaintiff from vexatiously bringing many actions at law growing out of the same claim and the action there being a remedy afforded defendant in a suit already brought rather than a remedy to plaintiff in an initial action.

In this State, courts have infrequently granted equitable relief upon the grounds sought in this bill, and when granted it was incidental where equitable jurisdiction was acquired on some other basis.

The bill before us is brought to avoid the necessity of complainant bringing an indefinite number of actions in assumpsit to recover salary alleged to be due her at the time it falls due under the terms of her contract. This, of course, contemplates a continued breach of the contract on the part of respondents, but it involves also fundamentally a question of tenure in her position as a school teacher in the Gilberton Borough School District.

The mere necessity of bringing numerous actions in assumpsit in order to enforce a contract is not a basis for granting equitable jurisdiction on the ground of avoiding a multiplicity of suits. A complainant may not seek equitable relief merely to relieve himself of many suits which he, himself, has elected to bring. 21 C. J. §49, p. 76.

As we have indicated, the fundamental question here is a matter of complainant's right, under the contract executed by respondents, to teach school as an employe of the Gilberton Borough School District. In addition to the possibility of many actions in assumpsit to recover her salary, there is also the probable action on her part to determine the question of her tenure. In Teachers' Tenure Act Cases, 329 Pa. 213, and the cases following, the Supreme Court determined that the proper remedy to compel a school board to comply with the Act of 1937, supra, was a writ of mandamus. While it is true that in these cases the primary issue involved was the failure of defendant school districts to renew the teachers' contracts, yet the issue involved in this case now before the court can be determined in such a proceeding, her right to compensation being dependent upon her right to occupy her position as a teacher.

The respondent board has, since the time of the filing of this bill, filed charges against complainant. If it should refuse to proceed with these charges, in accordance with the provisions of section 2 of the Act of 1937, supra, the remedy of complainant would clearly be a writ of mandamus.

We are of the opinion that an adequate remedy at law exists in this case as outlined above, and that the bill should therefore be dismissed for the reasons set forth.

And now, to wit, March 25, 1940, the bill is dismissed.